El Juez Asociado Señor Hernández Denton no intervino.

SONIA MUÑIZ ALCARAZ, demandante y recurrida, *v.* JOSÉ MUÑOZ LÓPEZ, demandado y peticionario.

*Número:* CC-95-81          *Resuelto:* 24 de octubre de 1995

*Rafael A. Oliveras López de Victoria,* abogado de la parte peticionaria.

## RESOLUCIÓN

El demandado José Muñoz López recurre ante nos de una sentencia dictada el 26 de julio de 1995 por el Tribunal de Circuito de Apelaciones. En reconsideración, el foro apelativo reafirmó su dictamen. Expresó que el peticionario Muñoz López apoyaba sus planteamientos para solicitar el relevo de la pensión alimentaria que le fue impuesta en unos documentos que no estuvieron ante la consideración del foro de instancia. Con respecto al documento sometido, indicó que de éste "surge que hasta noviembre de 1994 recibía ingresos del Seguro Social ascendentes a $724.00 y que no es hasta diciembre de 1994, es decir, posterior a su moción de rebaja y de relevo de resolución ante el tribunal recurrido, que dicha cuantía se redujo a $558.00". Resolución de 26 de julio de 1995, pág. 2. Concluyó que los planteamientos sobre rebaja de la pensión alimentaria debían ser dilucidados ante el Tribunal de Primera Instancia mediante una solicitud de rebaja de pensión alimentaria debidamente fundamentada.

Correspondía al peticionario, mediante el presente recurso, cuestionar o impugnar la desestimación decretada por el Tribunal de Circuito de Apelaciones. No obstante, de la lectura de los errores señalados en el presente recurso y su discusión puede constatarse, con meridiana claridad, que el peticionario no ha presentado planteamiento alguno en cuanto al dictamen del foro apelativo del cual recurre. Se limita a impugnar los méritos de la resolución emitida por el Tribunal de Primera Instancia bajo argumentos similares a los que hizo ante el foro apelativo. Esta forma de actuar hace caso omiso del hecho de que si la actuación del Tribunal de Circuito de Apelaciones es correcta, no se puede cuestionar la determinación de instancia.

La Ley de la Judicatura de Puerto Rico de 1994 estableció un nuevo esquema apelativo. Creó un tribunal apelativo intermedio para revisar la corrección de las determinaciones del Tribunal de Primera Instancia. Limitó la revisión directa a este Foro de los dictámenes del Tribunal de Primera Instancia a las situaciones dispuestas en el Art. 3.002(b) de dicha ley, 4 L.P.R.A. sec. 22i(b). Según este nuevo esquema, con excepción de lo antes señalado, este Foro revisará directamente sólo las determinaciones del Tribunal de Circuito de Apelaciones, no las del Tribunal de Primera Instancia. Se deniega el recurso presentado.

El 24 de enero de 1995, entraron en vigor la Ley de la Judicatura de Puerto Rico de 1994 y los Reglamentos del Tribunal Supremo y del Tribunal de Circuito de Apelaciones. A pesar de que ya han transcurrido aproximadamente nueve (9) meses desde que comenzó su implantación, un número sustancial de los recursos presentados, tanto ante este Foro como ante el Tribunal de Circuito de Apelaciones, reflejan una marcada laxitud en el cumplimiento con los procedimientos apelativos.

Preocupa a este Foro que tanto el recurso presentado ante nosotros como el presentado ante el Tribunal de Circuito de Apelaciones, denotan un desconocimiento del nuevo esquema apelativo y de los procedimientos que se han de seguir para perfeccionar los recursos.

Reiteramos lo que expresamos en *In re Reglamento del Tribunal Supremo*, 116 D.P.R. 670, 672 (1985), en cuanto a que el incumplimiento con los reglamentos de los procesos apelativos "acusa desconocimiento de [los] mism[os], cuando no su negligente o voluntaria desobediencia".

En bien de la justicia, los abogados tienen el deber de ser diligentes y dar un estricto cumplimiento tanto a la Ley de la Judicatura de Puerto Rico de 1994 como a los Reglamentos del Tribunal Supremo y del Tribunal de Circuito de Apelaciones. Apercibimos a la clase togada que estaremos

atentos para velar por que en los trámites apelativos se cumpla con estos deberes.

*Publíquese.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Francisco F. Agrait Lladó
*Secretario General*